UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GRANILLO,<br><br>   Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br><br>   Defendant. | Case No. 14-cv-04658-JCS<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR REMAND**<br><br>Re: Dkt. Nos. 20, 25 |

## I. INTRODUCTION

Plaintiff Jose Granillo seeks review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), which found that Granillo ceased to be disabled and entitled to benefits on April 6, 2010. Granillo asks the Court to reverse the Commissioner's decision with instructions to award him benefits. The Commissioner concedes that the decision was legally erroneous, but moves for remand to reevaluate Granillo's claim in accordance with the correct regulatory standards. For the reasons stated below, the Court DENIES Granillo's Motion for Summary Judgment, GRANTS the Commissioner's Motion for Remand, VACATES the Commissioner's decision, and REMANDS the case for further proceedings.[1]

## II. BACKGROUND

### A. Legal Background

The Commissioner has established regulations to evaluate whether claimants are disabled and entitled to benefits under the Social Security Act. *See*, *e.g.*, 20 C.F.R. §§ 404.1520, 404.1594 (2016).

///

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

**1. Regulations for Initially Evaluating Whether a Claimant Is Disabled**

Disability insurance benefits are available under the Social Security Act when an eligible claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 423(a)(1). A claimant is only found disabled if his physical or mental impairments are of such severity that the claimant cannot perform past work or, "considering [the claimant's] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner issued 20 C.F.R. § 404.1520 to assess a claimant's initial allegation of disability and application for benefits, as well as any subsequent application after a denial or termination of benefits. This section provides a five-part, sequential evaluation process to determine whether such a claimant is disabled and entitled to benefits under the Social Security Act. 20 C.F.R. § 404.1520(a). The five steps of this evaluation process require the Commissioner to make the following determinations: (1) whether the claimant is presently performing substantially gainful activity; (2) whether the claimant has a "severe medically determinable physical or mental impairment" or combination of impairments that has lasted or is expected to last more than 12 months; (3) whether the impairment or combination of impairments meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant retains residual functional capacity to perform past work; and (5) whether the claimant can perform "other work" that exists "in significant numbers" in the national economy, taking into account the claimant's residual functional capacity, age, education, and work experience. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v).

If the Commissioner determines that a claimant is disabled and entitled to benefits under this test, the Commissioner may later review the claimant's disability status. The Commissioner uses a different sequential evaluation process—provided in 20 C.F.R. § 404.1594(f)—to decide whether a claimant *remains* disabled and entitled to benefits. *See* 20 C.F.R. § 404.1520(a)(5).

///

**2. Regulations for Evaluating Whether a Claimant Remains Disabled**

The Commissioner is statutorily required to review periodically whether those who have been granted disability benefits remain disabled. *See* 42 U.S.C. § 421(i)(1). To determine whether a claimant continues to be disabled and entitled to benefits, the Commissioner issued 20 C.F.R. § 404.1594. This regulation provides an eight-part, sequential evaluation process to determine whether "there has been any medical improvement in [a claimant's] impairment(s) and, if so, whether this medical improvement is related to [the claimant's] ability to work." 20 C.F.R. § 404.1594(a). The Commissioner has defined "medical improvement" as a decrease in the medical severity of a claimant's impairments. 20 C.F.R. § 416.994(b)(1)(i). Such a determination must be based on improvements in the symptoms, signs, or laboratory findings associated with the impairments. *Id.* When evaluating a claimant's medical improvement, the Commissioner compares the current medical severity of the claimant's impairments to the medical severity of those impairments at the time of "the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(7); *see also* 20 C.F.R. § 416.994(b). The Commissioner has termed this the "[p]oint of comparison." 20 C.F.R. § 404.1594(b)(7).

The eight steps of the continuing disability evaluation process require the Commissioner to determine the following: (1) whether the claimant is performing substantially gainful activity; (2) whether the claimant has an impairment or combination of impairments that meets or equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (3) whether there has been medical improvement that has decreased the medical severity of the claimant's impairments; (4) whether the medical improvement relates to the ability to work; (5) whether an exception to medical improvement applies; (6) whether the claimant's impairments in combination are severe; (7) whether the claimant has retained residual functional capacity and can perform past work; and (8) whether the claimant can perform any other substantial gainful activity. 20 C.F.R. § 404.1594(f)(1)–(8).

When comparing the current medical severity of the claimant's impairments to the medical severity of those impairments at the time of the most recent favorable disability determination, the

3

1  commissioner reviews the documentary evidence that supported the most recent favorable
2  disability determination.  *See* 20 C.F.R. § 416.994(b)(2)(iv)(E) ("The documentation of your
3  current impairments will provide a basis for any future reviews.").  A problem arises where, as
4  here, an Administrative Law Judge ("ALJ") evaluating a claimant's continuing disability does not
5  have a record of the most recent favorable medical decision.  When this occurs, the regulations
6  first require the ALJ to determine whether the claimant can presently engage in substantially
7  gainful activity.  20 C.F.R. § 416.994(b)(2)(iv)(E).  If the claimant cannot, the claimant's
8  entitlement to benefits continues.  *Id.*  But, if the ALJ finds that the claimant can engage in
9  substantially gainful activity, the ALJ "determine[s] whether an attempt should be made to
10 reconstruct those portions of the missing file that were relevant to our most recent favorable
11 decision . . . ."  *Id.*  The ALJ cannot find a claimant has medically improved if a record of the most
12 recent favorable decision is not reconstructed.  *Id.*

### B. Granillo's Medical History and Past Benefits Awards

14  Granillo first applied for disability benefits after he fractured his hip in 1995.
15 Administrative Record ("AR," dkt. no. 13) at 295, 599.  The Commissioner awarded Granillo
16 benefits, finding that his disability began April 1, 1995.  *Id.* at 295.  After Granillo recovered and
17 resumed working, his benefits ceased in October 1997.  *Id.* at 295, 599.

18  Granillo reinjured his hip in 1998.  *Id.* at 599.  Granillo filed a new application for benefits
19 in December 2000.  *Id.* at 295.  The Commissioner awarded Granillo benefits on June 20, 2001,
20 finding that he had again become disabled on January 1, 1999.  *See id.* at 293–97.  Since reinjuring
21 his hip, Granillo has suffered from significant hip-related ailments, undergone multiple surgeries,
22 and experienced other challenging medical issues.  *Id.* at 599, 676.

### C. Procedural History of the Continuing Disability Review

24  In December 2008, the Social Security Administration ("SSA") notified Granillo that it
25 had begun a Continuing Disability Review ("CDR") to determine whether he remained entitled to
26 benefits.  *Id.* at 201–02.  The following month, Granillo submitted medical information to the
27 SSA.  *Id.* at 348–56.  Shortly thereafter, Granillo completed a CDR report with assistance from an
28 SSA claims representative.  *Id.* at 366–81.

In April and May 2009, the SSA mailed notices to Granillo that stated his benefits were scheduled to be terminated June 1, 2009. *Id.* at 203–09. The notices explained that the SSA was terminating Granillo's benefits because he had failed to apply for and obtain other benefits for which he was qualified. *Id.* On May 19, 2009, Granillo informed the SSA that he had not timely received the notices due to a problem with receiving his mail. *Id.* at 385–86.

On April 6, 2010, the Commissioner determined that Granillo ceased to be disabled and entitled to benefits. *Id.* at 112–14. Granillo requested reconsideration later that month. *Id.* at 116. The SSA granted the request and mailed notice to Granillo that it had scheduled a hearing for September 23, 2010. *Id.* at 117–20. Granillo did not attend the hearing. *Id.* at 121–33. Due to Granillo's absence, it was determined that he was not disabled or entitled to benefits. *Id.* at 121–33.

On January 27, 2011, Granillo requested a hearing before an ALJ and completed another CDR report. *Id.* at 139, 393–404. The SSA granted the request, but sent notice of the hearing date to an address where Granillo no longer lived. *Id.* at 140–46. After Granillo did not appear for his May 6, 2011, hearing, the ALJ ordered Granillo to show cause for his absence. *Id.* at 89–90. Further attempts to contact Granillo failed and the ALJ dismissed Granillo's claim on May 24, 2011. *Id.* at 107–08.

Granillo appealed the dismissal a few months later, claiming that he had never received the hearing notices. *Id.* at 147. The SSA Appeals Council determined that the hearing notices were sent to an incorrect address and remanded Granillo's case to the ALJ for rehearing. *Id.* at 75–77, 109–11. The ALJ held two hearings in 2013 to review Granillo's case, one in June and the other in September. *Id.* at 28, 48. At the September hearing, the ALJ stated that Granillo's case was "a continuing disability review issue and . . . [the] issue [was] whether there has been any improvement in the claimant's condition, whether claimant has had any substantial gainful activity since the last decision, and whether [] claimant meets a listing." *Id.* at 31.

The ALJ issued a decision on September 26, 2013. *Id.* at 9. As explained below, the ALJ determined that Granillo ceased to be disabled on April 6, 2010. *Id.* at 9–21. Granillo requested review of the decision. *Id.* at 7. The Appeals Council denied the request on August 19, 2014,

explaining that it had found no reason under SSA rules to review the ALJ's decision. *Id.* at 1–3. Granillo then timely filed a Complaint (dkt. no. 1) that initiated the present litigation.

### D. The ALJ's Decision

The ALJ introduced his decision with a summary of the case's procedural history, stating that Granillo had alleged "disability since April 1, 1995, and was previously allowed disability benefits on June 20, 2001 . . . . [Granillo's] benefits were ceased effective April 6, 2010, based on a determination by the [SSA] that disability could not be established due to [Granillo's] failure to cooperate." *Id.* at 12. The ALJ defined the issue before him as whether Granillo's disability had "ended" under the Social Security Act. *Id.*

The ALJ determined that 20 C.F.R. § 404.1520 was the regulation that applied to Granillo's claim and laid out its five-step test for evaluating whether an individual is disabled. *Id.* at 12–14. The ALJ then found and enumerated the following facts:

1. Granillo's most recent favorable medical decision occurred on June 20, 2001. This decision constituted the "comparison point decision." *Id.* at 14.
2. Granillo had failed to cooperate with the SSA. *Id.* As a result, the SSA had determined that there was insufficient evidence of Granillo's disability and terminated his benefits on April 6, 2010 ("the proposed cessation date"). *Id.* The ALJ then noted, "Because details of the prior [June 20, 2001,] disability determination are not available in the record, I consider whether [Granillo's] condition is disabling as of the proposed cessation date of April 6, 2010." *Id.*
3. Under 20 C.F.R. § 404.1594(f)(1), Granillo did not engage in substantially gainful activity after the proposed cessation date. *Id.*
4. Under 20 C.F.R. § 404.1520(c), Granillo suffered from severe impairments after the proposed cessation date. *Id.* Those included left hip degenerative joint disease, removal of a significant portion of his left femur, bilateral lower extremity venous stasis ulcers, and affective disorder. *Id.*
5. Under 20 C.F.R. § 404.1520(d), Granillo's medical conditions did not meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

6

*Id.* at 14–16.

6. Since the proposed cessation date, Granillo had retained "the residual functional capacity to perform light work . . . ." *Id.* at 16–19.

7. Since the proposed cessation date, Granillo had been unable to perform any past relevant work. *Id.* at 19–20.

8. On the proposed cessation date, Granillo was a younger individual between the ages of 18 and 49. *Id.* at 20.

9. Granillo had a high school education and the ability to communicate in English. *Id.*

10. The transferability of Granillo's job skills was irrelevant because his past work was "unskilled." *Id.*

11. Since the proposed cessation date, Granillo could perform work in a significant number of jobs that existed in the national economy, namely "sedentary unskilled jobs of an assembly nature." *Id.* at 20–21.

12. Under 20 C.F.R. § 404.1594(f)(8), Granillo's disability ended on the proposed cessation date and he had not again become disabled since then. *Id.* at 21.

The ALJ concluded that Granillo's disability had ended and he was no longer entitled to benefits as of April 6, 2010. *Id.*

### E. The Motions

#### 1. Granillo's Motion for Summary Judgment

On November 15, 2015, Granillo moved for summary judgment. Plaintiff's Motion for Summary Judgment, dkt. no. 20. He requests an order reversing the Commissioner's decision and remanding the case with instructions to calculate and award benefits. *Id.* at 1, 19–21. Granillo contends that the ALJ's decision contains errors of law and is not supported by substantial evidence. *Id.* Specifically, Granillo makes four arguments. First, he argues that the ALJ erroneously determined that Granillo lacked credibility and disregarded pivotal facts. *Id.* at 7–13. Second, he argues that the ALJ erroneously rejected the respective opinions of Granillo's treating physician and psychologist. *Id.* at 13–15. Third, he argues that the ALJ erroneously determined that Granillo had retained residual functional capacity and could perform manufacturing work. *Id.*

7

1 at 15–19. Fourth, Granillo argues that the ALJ erroneously failed to apply the rules governing
2 continuing disability review when he did not afford Granillo the presumption of continuing
3 disability in the absence of substantial evidence to the contrary. *Id.* at 1.

4 The Commissioner has not responded to Granillo's Motion for Summary Judgment, but
5 requested leave to do so if the Court were to deny the Motion for Remand. Defendant's Motion
6 for Remand ("MFR," dkt. no. 25) at 4 n. 1.

### 2. The Commissioner's Motion for Remand

On January 28, 2016, the Commissioner moved for remand under 42 U.S.C. § 405(g). MFR at 3. The Commissioner contends that remand is necessary because the ALJ failed to follow SSA issued regulations when the ALJ determined that Granillo ceased to be disabled and entitled to benefits. *Id.* at 4. The Commissioner argues that, although the ALJ had acknowledged that a CDR was warranted, the ALJ did not in fact conduct a CDR. *Id.* Rather, "the ALJ assessed whether [Granillo] was disabled as of April 6, 2010," because details of the prior disability determination were not in the record. *Id.* The Commissioner requests that the Court vacate the ALJ's decision and remand the case to permit the Commissioner to reevaluate Granillo's claim "under the proper regulatory standards for a continuing disability review." *Id.* at 3.

Granillo opposes the Commissioner's Motion for Remand. Plaintiff's Reply to Defendant's MFR ("Opposition," dkt. no. 28). In the Opposition, Granillo contends that the ALJ followed the Commissioner's regulations, but the ALJ's finding must be reversed because it was not supported by substantial evidence. Opp'n at 2. Specifically, he argues that the ALJ properly determined that a record of Granillo's most recent favorable medical decision could not be located. *Id.* at 2–3. He further argues that this determination required the ALJ to evaluate whether Granillo could engage in substantially gainful activity at the time of the hearing. *Id.* (citing 20 C.F.R. § 416.994(b)(2)(iv)(E)). He asserts that the ALJ did so, finding Granillo could engage in assembly work. *Id.* He concludes that this finding was not supported by substantial evidence and must be reversed with instructions to calculate and award benefits. *Id.*

In reply, the Commissioner makes two arguments. Defendant's Reply in Support of the MFR ("Reply," dkt. no. 31). First, the Commissioner argues that the ALJ "merely observed that

1   details of the prior disability determination [were] not available in the record," but did not in fact
2   determine that the missing records could not be located. *Id.* at 2. Second, the Commissioner
3   argues that the ALJ did not determine whether Granillo could engage in substantial gainful
4   activity at the date of the hearing; rather, the ALJ considered the status of Granillo's disability on
5   April 6, 2010. *Id.* at 2. The Commissioner concludes that the ALJ's decision must be vacated and
6   the case remanded to permit the introduction of new evidence and complete reevaluation of the
7   case. *Id.* at 3.

**III.   ANALYSIS**

   **A.   Legal Standard**

After the Commissioner of Social Security issues a final decision regarding a claimant's entitlement to disability benefits, that claimant may obtain review of the decision through a civil action filed in federal district court. 42 U.S.C. § 405(g). Under § 405(g), the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing." *Id.* If a district court finds that an ALJ's decision is based on legal error, it "may set aside the Commissioner's denial of Social Security benefits." *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

When an ALJ commits legal error, a district court may modify or reverse the ALJ's nondisability determination and remand the case to the Commissioner with instructions to calculate and award benefits. *See* 42 U.S.C. § 405(g); *see also Garrison v. Colvin,* 759 F.3d 995, 1019 (9th Cir. 2014). "Courts have generally exercised this power when it is clear from the record that a claimant is entitled to benefits." *Garrison*, 759 F.3d at 1019. "Usually, if additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded" without such instructions. *Id.* (brackets and quotation marks omitted). The Ninth Circuit has devised a three-part standard, each part of which must be satisfied for a district court to remand with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether the evidence be the

9

claimant's testimony or a medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See id.* at 1020–21.

### B. The ALJ Failed to Conduct a Continuing Disability Review

The ALJ failed to properly conduct a CDR in accordance with the Commissioner's regulations. The ALJ evaluated Granillo's disability status using 20 C.F.R. § 404.1520(a). *See* AR at 12-21. That section specifically states: "If you are already receiving disability benefits, *we will use a different sequential evaluation process to decide whether you continue to be disabled*. We explain this process in § 404.1594(f)." 20 C.F.R. § 404.1520(a)(5) (italics added). As explained above, 20 C.F.R. § 404.1594(f) provides the eight-step evaluation process for determining whether a claimant has medically improved and ceases to be disabled.

Here, the Commissioner had awarded Granillo disability benefits in 2001. AR at 295. The ALJ observed that a CDR was appropriate in Granillo's case and that the "comparison point decision" was June 20, 2001. *Id.* at 14, 31. Thus, the ALJ was required to review Granillo's disability status using the eight-part test in 20 C.F.R. § 404.1594(f).

However, the ALJ improperly reviewed the case under the five-part test for new disability applicants contained in 20 C.F.R. § 404.1520(a). *See* AR at 12–21. The ALJ also made an ad hoc decision to use the proposed cessation date of April 6, 2010, as a comparison point for applying the incorrect regulation despite acknowledging that June 20, 2001, was the correct point of comparison for reviewing whether Granillo had medically improved. *Id.* at 14. As the Commissioner acknowledges, nothing in the regulations supports using the proposed cessation date to evaluate Granillo's disability status. *See* MFR at 4.

The ALJ also failed to follow the Commissioner's regulation regarding the absence of Granillo's most recent favorable medical decision from the record. When the ALJ observed that this record was absent, the ALJ was first required to determine whether Granillo could engage in substantially gainful activity. 20 C.F.R. § 416.994(b)(2)(iv)(E). The ALJ did so, finding that Granillo could work in a significant number of jobs that existed in the national economy as of April 6, 2010, and he had not again become disabled since that date. AR at 20–21.

10

The ALJ did not, however, "determine whether an attempt should be made to reconstruct those portions of the missing file that were relevant to [Granillo's] most recent favorable decision." 20 C.F.R. § 416.994(b)(2)(iv)(E). After acknowledging that the "comparison point decision" was June 20, 2001, the ALJ noted that "details of the prior [June 20, 2001,] disability determination are not available in the record." AR at 14. The ALJ did not in fact determine whether the record could be reconstructed as the Commissioner's regulations require. *See id.* As a result, the ALJ was not legally permitted to find that Granillo had medically improved. *See* 20 C.F.R. § 416.994(b)(2)(iv)(E) ("If relevant parts of the prior record are not reconstructed either because it is determined not to attempt reconstruction or because such efforts fail, medical improvement cannot be found."). Thus, there was no regulatory basis for the ALJ's conclusion that Granillo had ceased to be disabled.

In sum, the ALJ committed substantial errors of law during his review of Granillo's disability status.

### C. The Case Must Be Remanded for Further Proceedings

#### 1. The Record Has Not Been Fully Developed

Granillo contends that, on the present record, the Court may reverse the Commissioner's decision with instructions to calculate and award benefits. Opp'n at 4. The Court is not persuaded. Although there is no doubt that the ALJ committed substantial legal errors, the record underlying Granillo's case is incomplete. Further administrative proceedings would serve the useful purpose of permitting the Commissioner to attempt to reconstruct the record of Granillo's most recent favorable medical decision. Thus, the Court will not remand the case with instructions as Granillo requests. *See Garrison*, 759 F.3d at 1020–21.

On remand, the Commissioner must ensure that the record is fully developed. Only then may the Commissioner evaluate whether Granillo has medically improved, bearing in mind that "the ultimate burden of proof lies with the Commissioner in the termination proceedings." *See Marrs-Espinoza v. Colvin*, No. 5:14-cv-00921-PSG, 2015 WL 1224831, at *3 (N.D. Cal. March 17, 2015) (*citing Kennedy v. Astrue*, 247 F. App'x 761, 765 (6th Cir. 2007) (unpublished)).

///

**2. Granillo's Benefits Should Continue Throughout Further Proceedings**

Granillo has requested that the Court order the Commissioner to continue paying Granillo benefits throughout further proceedings. Opp'n at 4. In reply, the Commissioner contends that such continued payment is determined by the SSA. Reply at 4–5. The Court notes that, under 20 C.F.R. § 404.1597a(i)(6):

> If a court orders that your case be sent back to us (remanded) and your case is sent to an administrative law judge for further action under the rules provided in § 404.983, the administrative law judge's decision or dismissal order on your medical cessation appeal is vacated and is no longer in effect. Continued benefits are payable to you and anyone else receiving benefits based on your wages and self-employment income or because of your disability pending a new decision by the administrative law judge or final action is taken by the Appeals Council on the administrative law judge's recommended decision.

The Court is vacating the ALJ's findings and remanding the case for further proceedings. It is therefore akin to a reversal insofar as the continuation of Granillo's benefits is concerned. As explained by the Tenth Circuit:

> The Commissioner may not terminate disability benefits without making findings demonstrating that a claimant has medically improved [and] is able to perform either . . . past work or 'other work' existing 'in significant numbers.' [Citations.] Further, when a court reverses an ALJ's decision terminating benefits, the decision 'is vacated and is no longer in effect.' [20 C.F.R. § 404.1597a(i)(6).] Continued benefits are payable 'pending a new decision' by the agency. [*Id.*] Thus, reversal . . . means that *the case is simply remanded to the agency, and that [the claimant], who has already been adjudged to be disabled by the Commissioner, maintains [his or] her disability status and is entitled to payment of any benefits that have been withheld during the appeals process.* It is up to the [SSA] to decide whether to begin new termination proceedings.

*Hayden v. Barnhart*, 374 F.3d 986, 994 (10th Cir. 2004) (italics added); *see also Potts v. Comm'r Soc. Sec. Admin.*, 357 F. App'x 49, 50 (9th Cir. 2009) (mem.) (unpublished) (finding legal error by an ALJ, remanding the case, and stating that the claimant's benefits "may be reinstated consistent with the provisions of 20 C.F.R. § 404.1597a(i)(6).").

Accordingly, on remand, claimant's benefits shall be reinstated by the Commissioner consistent with the provisions of § 404.1597a(i)(6).

///

1 | IV. **CONCLUSION**

For the foregoing reasons, the Court DENIES Granillo's Motion for Summary Judgment, GRANTS the Commissioner's Motion for Remand, VACATES the ALJ's decision, and REMANDS the case to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Dated: August 19, 2016

JOSEPH C. SPERO
Chief Magistrate Judge